MOLLY M. LENS (S.B. #283867)
mlens@omm.com
O'MELVENY & MYERS LLP
1999 Avenue of the Stars, 8th Floor
Los Angeles, California 90067-6035
Telephone: +1 310 553 6700
Facsimile: +1 310 246 6779

*Attorneys for Defendants CBS Broadcasting Inc., Paramount Global, and Wendy McMahon*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JEFF VAUGHN,<br><br>        Plaintiff,<br><br>    v.<br><br>CBS BROADCASTING, INC., a Delaware Corporation, and PARAMOUNT GLOBAL, a Delaware Corporation, Wendy McMahon, an individual,<br><br>        Defendants. | Case No.: 2:24-cv-05570-HDV-RAO<br><br>**DEFENDANTS CBS BROADCASTING INC., PARAMOUNT GLOBAL, AND WENDY MCMAHON'S ANSWER**<br><br>Complaint Filed: July 1, 2024 |

# INTRODUCTION

Plaintiff Jeff Vaughn ("Vaughn") was a nightly news anchor for the Los Angeles stations KCBS-TV/KCAL-TV ("KCBS/KCAL" or "the "Stations") for approximately eight years. The Stations play an important role in the Los Angeles community by, among other things, keeping the viewers they serve informed on local, state and national events. Decisions around how to staff local news broadcasts are of critical importance. Indeed, such decisions impact not only the content of the broadcasts themselves but also the connection between the Stations and the viewing audience. To be clear, there were no discriminatory motives behind the Stations' decision to hire a new anchor whom in its view would make a stronger impact. And in any event, the First Amendment protects the Stations' right to select the individuals who, in the Stations' estimation, will best present the news to the viewing audience and represent the Stations in the community. For these and other reasons, Vaughn's lawsuit is without merit.

CBS Broadcasting Inc., Paramount Global, and Wendy McMahon ("Defendants") hereby answer Vaughn's Complaint as follows:

1. Defendants deny the allegations of Paragraph 1 and/or aver that they contain legal argument and/or conclusions of law to which no answer is required.

2. Defendants deny the allegations of Paragraph 2.

3. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 and on that basis deny the same.

4. Defendants admit the allegations of Paragraph 4.

5. Defendants admit that Vaughn was employed by KCBS/KCAL for approximately eight years and worked as a news anchor for the KCBS 5 pm, KCAL 8 pm and/or 10 pm newscasts, but otherwise deny the remaining allegation of Paragraph 5.

6. Defendants deny the allegations of Paragraph 6.

7. Defendants admit that in his Post-Offer Invitation to Self-Identify,

Vaughn identified himself as a white male. Defendants lack knowledge or information sufficient to form a belief as to Vaughn's sexuality and on that basis deny the same. Defendants otherwise deny the remaining allegations of Paragraph 7.

8. Defendants deny the allegations of Paragraph 8.

9. Defendants deny the allegations of Paragraph 9 and/or aver that they contain legal argument and/or conclusions of law to which no answer is required.

10. Defendants deny the allegations of Paragraph 10 and/or aver that they contain legal argument and/or conclusions of law to which no answer is required.

11. Defendants deny the allegations of Paragraph 11 and/or aver that they contain legal argument and/or conclusions of law to which no answer is required.

12. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 and on that basis deny the same.

13. Defendants admit that CBS Broadcasting Inc.'s principal place of business is in New York, but otherwise deny the allegations of Paragraph 13.

14. Defendants admit that KCBS/KCAL employed Vaughn from November 30, 2015 until November 22, 2023.

15. Defendants admit that Paramount is a Delaware corporation and that CBS Broadcasting Inc. is an indirectly wholly-owned subsidiary of Paramount Global. The remainder of Paragraph 15 contains legal argument and/or conclusions of law to which no answer is required.

16. Defendants admit that Wendy McMahon is the President & CEO of CBS News, Stations and Media Ventures, but otherwise deny the remaining allegations of Paragraph 16.

17. Paragraph 17 contains legal argument and/or conclusions of law to which no answer is required.

18. Paragraph 18 contains legal argument and/or conclusions of law to which no answer is required.

19. Paragraph 19 contains legal argument and/or conclusions of law to which no answer is required.

20. Defendants deny the allegations of Paragraph 20.

21. Defendants admit that Joel Vilmenay, President and General Manager of KCBS/KCAL, communicated to Vaughn in 2022 that CBS would not be renewing his contract, but otherwise deny the remaining allegations of Paragraph 21.

22. Defendants lack knowledge or information sufficient to form a belief as to Vaughn's reaction and sentiment about his job, but otherwise deny the remaining allegations of Paragraph 22.

23. Defendants deny the allegations of Paragraph 23.

24. Defendants deny the allegations of Paragraph 24.

25. Defendants admit that Mike Dello Stritto is the Vice President, News, for KCBS/KCAL, but otherwise deny the remaining allegations of Paragraph 25.

26. Defendants deny the allegations of Paragraph 26 and/or aver that they contain legal argument and/or conclusions of law to which no answer is required.

27. Defendants deny the allegations of Paragraph 27.

28. Defendants deny the allegations of Paragraph 28 and/or aver that they contain legal argument and/or conclusions of law to which no answer is required.

29. Defendants admit that VARIETY published the cited article, but otherwise deny the remaining allegations of Paragraph 29.

30. Defendants admit that the cited LOS ANGELES TIMES article states that CBS "set a goal for the 2022-23 broadcast season: half of all writers will be nonwhite," but otherwise deny that they use racial quotas in hiring writers for scripted television.

31. Defendants admit that the cited CNBC article states that "the network introduced an initiative that requires [certain] shows to ensure that 50% of their casts are Black, Indigenous or People of Color, or BIPOC," but otherwise deny that

they use racial quotas in casting for reality shows.

32. Defendants admit that the cited ENTERTAINMENT WEEKLY article states that Cheeks "set a goal that all writers' rooms on the network's primetime series be staffed 40 percent Blacks, Indigenous and People of Color ('BIPOC') in the 2021-22 season; 17 out of 21 shows hit or exceeded that target," but otherwise deny the remaining allegations of Paragraph 32.

33. Defendants deny the allegations of Paragraph 33.

34. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 34 and on that basis deny the same.

35. Defendants deny the allegations of Paragraph 35.

36. Defendants deny the allegations of Paragraph 36.

37. Defendants admit that the cited article in NEXT TV states "McMahon has worked to make the station group more diverse, on both sides of the camera and in leadership positions."

38. Defendants admit that the cited webpage states that "Under McMahon, CBS News and Stations has prioritized diversity, equity, and inclusion initiatives, hired and promoted several women and/or people of color to serve in key roles," but otherwise deny the remaining allegations of Paragraph 38.

39. Defendants admit that Vaughn was 57 years old when he was notified that his contract would not be renewed, and that in his Post-Offer Invitation to Self-Identify, Vaughn identified himself as a white male. Defendants lack knowledge or information sufficient to form a belief as to Vaughn's sexuality. Defendants deny the remaining allegations of Paragraph 39.

40. Defendants deny the allegations of Paragraph 40 and/or aver that they contain legal argument and/or conclusions of law to which no answer is required.

41. Defendants deny the allegations of Paragraph 41.

42. Defendants deny that KCBS/KCAL's 20th anniversary 9/11 coverage was related to race, age, sexuality, or other protected characteristic. Defendants

1 lack knowledge or information sufficient to form a belief as to the truth of the
2 balance of the allegations of Paragraph 42 and on that basis deny the same.
3     43.    Defendants lack knowledge or information sufficient to form a belief
4 as to the truth of the allegations in the first and second sentences of Paragraph 43
5 and on that basis deny the same. The third sentence of Paragraph 43 contains legal
6 argument to which no answer is required. To the extent an answer is required,
7 Defendants deny the allegations in the third sentence of Paragraph 43.
8     44.    Defendants lack knowledge or information sufficient to form a belief
9 as to the truth of the allegations of Paragraph 44 and on that basis deny the same.
10     45.    Defendants lack knowledge or information sufficient to form a belief
11 as to the truth of the allegations of Paragraph 45 and on that basis deny the same.
12     46.    Defendants lack knowledge or information sufficient to form a belief
13 as to the truth of the allegations of Paragraph 46 and on that basis deny the same.
14     47.    Defendants deny the allegations of Paragraph 47.
15     48.    Defendants deny the allegations of Paragraph 48.
16     49.    Defendants deny the allegations of Paragraph 49.
17     50.    Defendants deny the allegations of Paragraph 50.
18     51.    Defendants lack knowledge or information sufficient to form a belief
19 as to the truth of the allegations of Paragraph 51 and on that basis deny the same.
20     52.    Defendants lack knowledge or information sufficient to form a belief
21 as to the truth of the allegations of Paragraph 52 and on that basis deny the same.
22     53.    Defendants deny the allegations of Paragraph 53.
23     54.    Defendants deny the allegations of Paragraph 54.
24     55.    Defendants lack knowledge or information sufficient to form a belief
25 as to the truth of the allegations of Paragraph 55 and on that basis deny the same.
26     56.    Defendants deny the allegations of Paragraph 56.
27     57.    Defendants deny the allegations of Paragraph 57.
28     58.    Defendants deny the allegations of Paragraph 58.

1   59.   Defendants admit that candidates were brought in to audition on or around July 2023, but otherwise deny the remaining allegations of Paragraph 59.

3   60.   Defendants deny the allegations of Paragraph 60.

4   61.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 61 and on that basis deny the same.

6   62.   Defendants admit that CBS sent Vaughn a letter dated August 30, 2023, giving Vaughn notice that it elected to exercise its contractual right to terminate the agreement between Vaughn and KCBS/KCAL (the "Agreement"), and that Vaughn would be relieved of his services under the Agreement effective September 22, 2023, but otherwise deny that Defendants did not previously advise Vaughn that his contract would not be extended, and otherwise deny the remaining allegations of Paragraph 62.

13   63.   Defendants admit that Vaughn was invited to announce his departure from CBS on air, but otherwise deny the remaining allegations of Paragraph 63.

15   64.   Defendants deny that Vaughn was asked to lie on air, but otherwise lack knowledge or information sufficient to form a belief as to Vaughn's mental state.

18   65.   Defendants admit that on Monday, September 25, there was an on-air announcement of Vaughn's departure, but otherwise deny the allegations of Paragraph 65.

21   66.   Defendants deny the allegations of Paragraph 66 and/or aver that they contain legal argument and/or conclusions of law to which no answer is required.

23   67.   Defendants deny the allegations of Paragraph 67 and/or aver that they contain legal argument and/or conclusions of law to which no answer is required.

25   68.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 68 and on that basis deny the same.

27   69.   Defendants deny the allegations of Paragraph 69 and/or aver that they contain legal argument and/or conclusions of law to which no answer is required.

1      70.    Defendants admit that Chauncey Glover presents as a Black male, but
2  otherwise deny the remaining allegations of Paragraph 70.

3      71.    Defendants admit that Glover has appeared on KCAL News
4  billboards, but otherwise deny the remaining allegations of Paragraph 71.

5      72.    Defendants deny the allegations of Paragraph 72.

6      73.    Defendants deny the allegations of Paragraph 73 and/or aver that they
7  contain legal argument and/or conclusions of law to which no answer is required.

8      74.    Defendants deny the allegations of Paragraph 74 and/or aver that they
9  contain legal argument and/or conclusions of law to which no answer is required.

10     75.    Defendants deny the allegations of Paragraph 75 and/or aver that they
11 contain legal argument and/or conclusions of law to which no answer is required.

12     76.    Defendants deny the allegations of Paragraph 76 and/or aver that they
13 contain legal argument and/or conclusions of law to which no answer is required.

14     77.    Defendants admit that Exhibit 1 to the Complaint appears to be a
15 charge filed with the EEOC on February 23, 2024, though Defendants note their
16 intention to take confirmatory discovery on the same.

17     78.    Defendants admit that Exhibit 2 to the Complaint appears to be a right
18 to sue letter from the EEOC to Vaughn, dated April 19, 2024, though Defendants
19 note their intention to take confirmatory discovery on the same.

## FIRST CLAIM FOR RELIEF

**(Violation of the Civil Rights Act of 1866, 42 U.S.C. §1981 vs. all Defendants)**

22     79.    CBS re-alleges and incorporates by reference its responses to
23 Paragraphs 1-78 of the Complaint, as though fully set forth herein.

24     80.    Paragraph 80 contains legal argument and/or conclusions of law to
25 which no answer is required.

26     81.    Paragraph 81 contains legal argument and/or conclusions of law to
27 which no answer is required.

28     82.    Defendants deny the allegations of Paragraph 82.

83. Defendants deny the allegations of Paragraph 83.

84. Defendants deny the allegations of Paragraph 84.

85. Defendants deny the allegations of Paragraph 85 and/or aver that they contain legal argument and/or conclusions of law to which no answer is required.

86 Defendants deny the allegations of Paragraph 86 and/or aver that they contain legal argument and/or conclusions of law to which no answer is required.

## SECOND CLAIM FOR RELIEF

**(Violation of Title VII of the Civil Rights Act of 1965, 42 U.S.C. § 2000e et seq. vs. Defendants CBS and Paramount)**

87. Defendants re-allege and incorporate by reference their responses to Paragraphs 1-86 of the Complaint, as though fully set forth herein.

88. Defendants deny the allegations of Paragraph 88.

89. Defendants deny the allegations of Paragraph 89.

90. Defendants deny the allegations of Paragraph 90 and/or aver that they contain legal argument and/or conclusions of law to which no answer is required.

91. Defendants deny the allegations of Paragraph 91 and/or aver that they contain legal argument and/or conclusions of law to which no answer is required.

92. Defendants deny the allegations of Paragraph 92 and/or aver that they contain legal argument and/or conclusions of law to which no answer is required.

93. Paragraph 93 contains legal argument and/or conclusions of law to which no answer is required.

94. Defendants deny the allegations of Paragraph 94 and/or aver that they contain legal argument and/or conclusions of law to which no answer is required.

95. Defendants deny the allegations of Paragraph 95 and/or aver that they contain legal argument and/or conclusions of law to which no answer is required.

## THIRD CLAIM FOR RELIEF

## (Violation of the Age Discrimination in Employment Act, 29 U.S.C. §§ 621-634 vs. Defendants CBS and Paramount)

96. Defendants re-allege and incorporate by reference their responses to Paragraphs 1-95 of the Complaint, as though fully set forth herein.

97. Defendants admit that Vaughn was employed as a news anchor by KCBS/KCAL from November 30, 2015 until November 22, 2023, during which time he was over the age of 40.

98. Defendants admit that at the time KCBS/KCAL notified Vaughn of its intent to end their employment relationship, Vaughn was 57, and that he was 58 at the time his employment contract ended.

99. Defendants deny the allegations of Paragraph 99.

100. Paragraph 100 contains legal argument and/or conclusions of law to which no answer is required.

101. Defendants deny the allegations of Paragraph 101 and/or aver that they contain legal argument and/or conclusions of law to which no answer is required.

102. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 102 and on that basis deny the same.

103. Defendants deny the allegations of Paragraph 103 and/or aver that they contain legal argument and/or conclusions of law to which no answer is required.

## PRAYER FOR RELIEF

The information following Paragraph 103 of the Complaint contains Vaughn's prayer for relief.

A. With respect to the relief requested in Paragraph A of the Prayer for Relief, Defendants specifically and generally deny that Vaughn is entitled to any of the relief requested in said Paragraph, or any relief at all.

B. With respect to the relief requested in Paragraph B of the Prayer for Relief, Defendants specifically and generally deny that Vaughn is entitled to any of

- 10 -

ANSWER
2:24-CV-05570-HDV-RAO

the relief requested in said Paragraph, or any relief at all.

C. With respect to the relief requested in Paragraph C of the Prayer for Relief, Defendants specifically and generally deny that Vaughn is entitled to any of the relief requested in said Paragraph, or any relief at all.

D. With respect to the relief requested in Paragraph D of the Prayer for Relief, Defendants specifically and generally deny that Vaughn is entitled to any of the relief requested in said Paragraph, or any relief at all.

E. With respect to the relief requested in Paragraph E of the Prayer for Relief, Defendants specifically and generally deny that Vaughn is entitled to any of the relief requested in said Paragraph, or any relief at all.

F. With respect to the relief requested in Paragraph F of the Prayer for Relief, Defendants specifically and generally deny that Vaughn is entitled to any of the relief requested in said Paragraph, or any relief at all.

G. With respect to the relief requested in Paragraph G of the Prayer for Relief, Defendants specifically and generally deny that Vaughn is entitled to any of the relief requested in said Paragraph, or any relief at all.

H. With respect to the relief requested in Paragraph H of the Prayer for Relief, Defendants specifically and generally deny that Vaughn is entitled to any of the relief requested in said Paragraph, or any relief at all.

I. With respect to the relief requested in Paragraph I of the Prayer for Relief, Defendants specifically and generally deny that Vaughn is entitled to any of the relief requested in said Paragraph, or any relief at all.

## **AFFIRMATIVE DEFENSES**

Without assuming any burden it would not otherwise bear, and without waiving and hereby expressly reserving the right to assert any and all such defenses at such time and to such extent as discovery and factual developments establish a basis therefor, Defendants assert the following additional and/or affirmative defenses as to Vaughn's Complaint:

## FIRST AFFIRMATIVE DEFENSE

**(Failure to State a Claim)**

The Complaint is barred, in whole or in part, for failure to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

**(First Amendment)**

The Complaint is barred, in whole or in part, by the First Amendment.

## THIRD AFFIRMATIVE DEFENSE

**(No Discrimination)**

The Complaint is barred, in whole or in part, because all actions taken by CBS with respect to Vaughn were done in good faith and motivated by legitimate, non-discriminatory reasons.

## FOURTH AFFIRMATIVE DEFENSE

**(No Damages)**

The Complaint is barred, in whole or in part, for failure to state facts sufficient to constitute a cause of action against Defendants for compensatory damages, actual or consequential damages, special or incidental damages, statutory penalties, declaratory or injunctive relief, interest, or attorneys' fees and costs.

## FIFTH AFFIRMATIVE DEFENSE

**(No Punitive Damages)**

Each of Vaughn's causes of action fail to state facts sufficient to constitute a case of action against Defendants for exemplary or punitive damages.

## SIXTH AFFIRMATIVE DEFENSE

**(Excessive Fines)**

Vaughn's claim and/or request for punitive damages would violate the due process and excessive fines clauses of the Fifth, Eighth, and Fourteenth Amendments to the U.S. Constitution, as well as the Constitution of the State of California.

## SEVENTH AFFIRMATIVE DEFENSE

### (Adequate Remedy at Law)

To the extent that Vaughn seeks such relief, his claim for equitable relief is barred because, to the extent Vaughn is entitled to any remedy, which is not admitted hereby or herein, Vaughn has an adequate remedy at law and/or the requirements for granting injunctive relief have not and cannot be satisfied.

## RESERVATION OF RIGHTS

Defendants are informed and believe and on such basis allege that they may have additional defenses available, which are not now fully known and of which they are not now aware. Defendants reserve the right to raise and assert such additional defenses once such additional defenses have been ascertained.

## DEFENDANTS' PRAYER FOR RELIEF

WHEREFORE, Defendants pray for judgment as follows:

1. That Vaughn take nothing by his Complaint, and the Complaint be dismissed with prejudice;

2. That Vaughn be denied each and every demand and prayer for relief contained in the Complaint;

3. That judgment be entered in favor of Defendants and against Vaughn on the Complaint;

4. That Defendants be awarded reasonable attorneys' fees and costs; and

5. That Defendants be awarded such other and further relief as the Court may deem appropriate.

Dated: September 9, 2024

**O'MELVENY & MYERS LLP**

By: */s/ Molly M. Lens*
Molly M. Lens
mlens@omm.com

*Attorney for Defendants CBS Broadcasting Inc., Paramount Global, and Wendy McMahon*