John W. Howard (SBN 80200)
Scott J. Street (SBN 258962)
Michelle D. Volk (SBN 217151)
Peter C. Shelling (SBN 351159)
**JW HOWARD│ATTORNEYS, LTD**
600 West Broadway, Suite 1400
San Diego, CA 92101
Tel: 619-234-2842; Fax 619-234-1716
Email: Johnh@jwhowardattorneys.com
       Sstreet@jwhowardattorneys.com
       Michelle@jwhowardattorneys.com
       Pshelling@jwhowardattorneys.com

Nicholas R. Barry (TN Bar No. 031963)
(*pro hac vice*)
Ian Prior (MA Bar No. 655704)
(*pro hac vice*)
**AMERICA FIRST LEGAL FOUNDATION**
611 Pennsylvania Ave, SE #231
Washington, DC 20003
Telephone: (202) 964-3721
Email: nicholas.barry@aflegal.org
       ian.prior@aflegal.org

Attorneys for Plaintiff, Jeff Vaughn

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFF VAUGHN,<br><br>    Plaintiff<br>v.<br><br>CBS BROADCASTING, INC., a Delaware Corporation, and PARAMOUNT GLOBAL, a Delaware Corporation, Wendy McMahon, an individual,<br><br>    Defendants. | Case No.: 2:24-cv-05570-HDV-RAO<br><br>**RULE 26(f) REPORT**<br><br>**Rule 16 conference: February 6, 2025 at 10:00 a.m.** |

1
RULE 26(f) REPORT

**ADDITIONAL COUNSEL**

MOLLY M. LENS (S.B. #283867)
mlens@omm.com
O'MELVENY & MYERS LLP
1999 Avenue of the Stars, 8th Floor
Los Angeles, California 90067-6035
Telephone: +1 310 553 6700
Facsimile: +1 310 246 6779

*Attorneys for Defendants CBS Broadcasting Inc., Paramount Global, and Wendy McMahon*

Pursuant to Federal Rules of Civil Procedure 16 and 26(f), Plaintiff Jeff Vaughn and Defendants CBS Broadcasting Inc., Paramount Global, and Wendy McMahon ("CBS") submit the following Joint Rule 26(f) Report.

### 1. Statement of the Case

This case was brought by Mr. Vaughn, an award-winning television anchor for CBS in Los Angeles who alleges that he was fired from his job because he is an older, white, heterosexual man. Mr. Vaughn alleges that this action—he was replaced by Mr. Chauncey Glover, a younger black man who was not as accomplished[1] —violated federal civil rights laws and caused him significant financial and reputational damages.

CBS vehemently disputed Vaughn's claims, including, but not limited to, Vaughn's assertions that his protected characteristics motivated CBS's decision to hire Chauncey Glover as well as Vaughn's allegations that Glover was not qualified. CBS further asserts that its First Amendment right to create expressive conduct provides a complete defense to Vaughn's claims.

### 2. Subject Matter Jurisdiction

The Court has subject matter jurisdiction over this matter under 28 U.S.C. § 1331 because Plaintiff alleges two causes of action under federal law. There are no known issues regarding personal jurisdiction or venue. All parties have been served.

### 3. Legal Issues

Mr. Vaughn contends that CBS's decision to fire him because of his race, age, and sex violated his rights under 42 U.S.C. § 1981, Title VII of the Civil Rights Act of 1965, and the Age Discrimination in Employment Act.

In addition to disputing Vaughn's claims, CBS asserts that its First Amendment right to create expressive conduct provides a complete defense to Vaughn's claims. To support its arguments, CBS relies, *inter alia*, on *Hurley v. Irish-American Gay,*

---

[1] Glover tragically passed away in November 2024.

*Lesbian & Bisexual Grp. of Boston*, 515 U.S. 557 (1995), and *Boy Scouts of America v. Dale*, 530 U.S. 640 (2000). Taken together, these cases stand for the principle that the government cannot force an entity engaged in expressive activity to express its message through speakers who, in the employer's view, would affect the employer's ability to convey its own preferred message.

### 4. Parties, Witnesses and Evidence

The parties are in the process of marshaling the evidence needed to litigate this case. Plaintiff contends that witnesses include:

- Jeff Vaughn
- Wendy McMahon
- Joel Vilmenay
- Chauncey Glover (now deceased)
- Whitney Davis
- Tiffany Smith-Anoa'i
- Pat Harvey

Although CBS does not agree with Vaughn's list of witnesses above, CBS agrees that Vaughn, McMahon, and Vilmenay are likely witnesses.

Documents have not been exchanged yet but are being retained and gathered for production in discovery.

Paramount Global is a leading global media, streaming and entertainment company that creates premium content and experiences for audiences worldwide, including CBS, Paramount Pictures, Nickelodeon, MTV, Comedy Central, BET, Paramount+ and Pluto TV. CBS further refers this Court to its Rule 7.1-1 Notice of Interested Parties. Given the extent of its domestic and international affiliates, CBS hopes this information is sufficient but, of course, will provide any further information requested by the Court.

\ \ \

### 5. Damages

Mr. Vaughn contends that he suffered damages of lost wages, including back pay and future pay, as well as lost benefits and expected wage increases under his contract. He believes those losses exceed $5 million. They will be proved by expert testimony based on his wages at the time he was fired and his expected future earnings. Vaughn will also seek punitive damages and to recover his legal fees, as provided by law.

CBS vigorously disputes that any liability can be placed on it. That said, ignoring the First Amendment and the fact that CBS did not discriminate against Plaintiff, damages under Title VII and Section 1981 typically look at a lost wage calculation.

### 6. Insurance

CBS does not anticipate that this dispute implicates available insurance coverage.

### 7. Motions

Vaughn does not intend to file any motions until the pre-trial stage.

CBS anticipates filing dispositive motions, including a motion for summary judgment, before any trial in this action.

The parties reserve the right to file pretrial motions, including any motion for summary judgment or motions regarding discovery disputes, evidentiary motions in limine, and motions to exclude experts.

### 8. Discovery

The parties are preparing their initial disclosures and have agreed to exchange them within 30 days of the Rule 16 conference.

Vaughn confirms that he is retaining potentially relevant information and has advised any of his agents and/or representatives to do the same. CBS confirms that it has notified employees who are most likely to have relevant information of their duty

to preserve evidence.

The parties agree that it will be necessary for them to negotiate and obtain approval from this Court with respect to a protective order before documents and other materials are exchanged.

The parties agree to meet and confer regarding a protocol for discovery of electronically stored information.

At this time, the parties do not believe discovery should be bifurcated or conducted in phases or that modifications of the discovery limitations set forth in the Federal Rules of Civil Procedure or the Local Rules are necessary.  The parties anticipate discovery requests related to Vaughn's contracts with CBS, Vaughn's performance, CBS's decision to hire Glover, and Vaughn's claimed damages, with the parties reserving their respective rights with respect to such requests.

The parties propose October 3, 2025 as a discovery cut-off date of all fact discovery, including resolution of all discovery motions.

The parties propose the following dates for expert witness disclosures and expert discovery:

- Expert Disclosure (Initial) – September 19, 2025
- Expert Disclosure (Rebuttal) – October 17, 2025
- Expert Discovery Cut-Off – November 7, 2025

## 9. ADR

The parties are open to private mediation. No mediation session has been scheduled yet.  No settlement discussions have occurred since the filing of the complaint.

## 10. Trial

The parties believe this case can be tried within five days.  As a preliminary estimate, each side anticipates calling less than five witnesses.  Plaintiff has demanded a trial by jury.

**11. Consent to Trial Before Magistrate Judge**

The parties do not consent to a trial before a magistrate judge.

**12. Lead Trial Counsel**

Mr. Vaughn's lead trial counsel are John Howard and Scott J. Street of JW Howard Attorneys.

CBS's lead trial counsel is Molly M. Lens of O'Melveny & Myers LLP, with Natasha W. Teleanu also anticipated to participate in the trial.

**13. Independent Master**

An independent master is not needed here.

**14. Other Issues**

To date, the parties have not identified other issues for discussion.

**15. Proposed Schedule**

The parties have completed the Court's Schedule of Pretrial and Trial Dates Worksheet. The parties filed the completed Worksheet concurrently with this 26(f) Report.

DATED: January 23, 2025  **JW HOWARD │ ATTORNEYS, LTD.**
**AMERICA FIRST LEGAL FOUNDATION**

By: /s/ *John W. Howard*
John W. Howard
Scott J. Street
Michelle D. Volk
Peter C. Shelling
Attorneys for Plaintiff
JEFF VAUGHN

Dated: January 23, 2025  **O'MELVENY & MYERS LLP**

By: *[signature]*
Molly M. Lens

Molly M. Lens
mlens@omm.com
1999 Avenue of the Stars, 8th Floor
Los Angeles, California 90067-6035
Telephone: +1 310 553 6700
Facsimile: +1 310 246 6779

*Attorneys for Defendants CBS Broadcasting Inc., Paramount Global, and Wendy McMahon*

**JUDGE HERNÁN D. VERA**
**SCHEDULE OF PRETRIAL AND TRIAL DATES WORKSHEET**
*Please complete this worksheet jointly and file it with your Joint Rule 26(f) Report.*
***The Court ORDERS the parties to make every effort to agree on dates.***

*Note:* Hearings shall be on Thursdays at 10:00 a.m.
Other dates can be any day of the week.

| Case No. 24-cv-05570-HDV-RAOx | | Case Name: *Jeff Vaughn v. CBS Broadcasting Inc., et al* | | |
|---|---|---|---|---|
| **Trial and Final Pretrial Conference Dates** | **Timing** | **Pl(s)' Date mm/dd/yyyy** | **Def(s)' Date mm/dd/yyyy** | **Court Order mm/dd/yyyy** |
| Check one: [x] Jury Trial or [ ] Court Trial (***Tuesday*** at 9:00 a.m.) Estimated Duration: 5 Days | Within 18 months after Complaint filed | Mar. 10, 2026 | Mar. 10, 2026 | [ ] Jury Trial [ ] Court Trial _____Days |
| Final Pretrial Conference ("FPTC") [L.R. 16] (***Tuesday*** at 10:00 a.m.) | 21 days before trial | Feb. 17, 2026 | Feb. 17, 2026 | |
| Hearing on Motions In Limine | 28 days before trial | Feb. 10, 2026 | Feb. 10, 2026 | |
| **Event** | **Weeks After Scheduling Conference** | **Pl(s)' Date mm/dd/yyyy** | **Def(s)' Date mm/dd/yyyy** | **Court Order mm/dd/yyyy** |
| Last Date to ***Hear*** Motion to Amend Pleadings /Add Parties | 6 | Mar. 20, 2025 | Mar. 20, 2025 | |
| **Event[1]** | **Weeks Before FPTC** | **Pl(s)' Date mm/dd/yyyy** | **Def(s)' Date mm/dd/yyyy** | **Court Order mm/dd/yyyy** |
| Fact Discovery Cut-Off **(no later than deadline for *filing* dispositive motion)** | 22 | Oct. 3, 2025 | Oct. 3, 2025 | |
| Expert Disclosure (Initial) | 21 | Sept. 19, 2025 | Sept. 19, 2025 | |
| Expert Disclosure (Rebuttal) | 19 | Oct. 17, 2025 | Oct. 17, 2025 | |
| Expert Discovery Cut-Off | 17[2] | Nov. 7, 2025 | Nov. 7, 2025 | |
| Last Date to ***Hear*** Motions | 11 | Dec. 5, 2025 | Dec. 5, 2025 | |
| Deadline to Complete Settlement Conference [L.R. 16-15] *Select* one: [ ] 1. Magistrate Judge *(with Court approval)* [ ] 2. Court's Mediation Panel [x] 3. Private Mediation | 6 | Jan. 6, 2026 | Jan. 6, 2026 | [ ] 1. Mag. J. [ ] 2. Panel [ ] 3. Private |

8.

| Event | Weeks Before FPTC | Pl(s)' Date mm/dd/yyyy | Def(s)' Date mm/dd/yyyy | Court Order mm/dd/yyyy |
|---|---|---|---|---|
| **Trial Filings (first round)**<br>• Motions In Limine<br>• Memoranda of Contentions of Fact and Law [L.R. 16-4]<br>• Witness Lists [L.R. 16-5]<br>• Joint Exhibit List [L.R. 16-6.1]<br>• Joint Status Report Regarding Settlement<br>• Proposed Findings of Fact and Conclusions of Law [L.R. 52] *(court trial only)*<br>• Declarations containing Direct Testimony, if ordered *(court trial only)* | 4 | Jan. 20, 2026 | Jan. 20, 2026 | |
| **Trial Filings (second round)**<br>• Oppositions to Motions In Limine<br>• Joint Proposed Final Pretrial Conference Order [L.R. 16-7]<br>• Joint/Agreed Proposed Jury Instructions *(jury trial only)*<br>• Disputed Proposed Jury Instructions *(jury trial only)*<br>• Joint Proposed Verdict Forms *(jury trial only)*<br>• Joint Proposed Statement of the Case *(jury trial only)*<br>• Proposed Additional Voir Dire Questions, if any *(jury trial only)*<br>• Evidentiary Objections to Decls. of Direct Testimony *(court trial only)* | 2 | Feb. 3, 2026 | Feb. 3, 2026 | |

---

[1] **The parties may seek dates for additional events by filing a separate Stipulation and Proposed Order. <u>Class actions and patent and ERISA cases in particular may need to vary from the above.</u>**

[2] **The parties may wish to consider cutting off expert discovery prior to the deadline for *filing* an MSJ.**

# **CERTIFICATE OF SERVICE**

At the time of service, I was over 18 years of age and not a party to this action. I am employed by JW Howard/Attorneys, LTD. in the County of San Diego, State of California. My business address is 600 West Broadway, Suite 1400, San Diego, California 92101.

On January 23, 2025, I electronically filed the RULE 26(f) REPORT and served the documents using the Court's Electronic CM/ECF Service which will send electronic notification of such filing to all registered counsel.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.  Executed on January 23, 2025, at San Diego, California.

*/s/ Dayna Dang*
Dayna Dang, Paralegal
dayna@jwhowardattorneys.com

9
RULE 26(f) REPORT