MOLLY M. LENS (S.B. #283867)
mlens@omm.com
SAM H.S. DONOHUE (S.B. #329526)
sdonohue@omm.com
PAOLA MENDEZ (S.B. #353372)
pmendez@omm.com
O'MELVENY & MYERS LLP
1999 Avenue of the Stars, 8th Floor
Los Angeles, California 90067-6035
Telephone: +1 310 553 6700
Facsimile: +1 310 246 6779

NATASHA W. TELEANU (*pro hac vice*)
nteleanu@omm.com
O'MELVENY & MYERS LLP
1301 Avenue of the Americas, 17th Floor
New York, New York 10019
Telephone: +1 212 326 2000
Facsimile: +1 212 326 2061

*Attorneys for Defendants CBS Broadcasting Inc., Paramount Global, and Wendy McMahon*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFF VAUGHN,<br><br>Plaintiff,<br><br>v.<br><br>CBS BROADCASTING INC., PARAMOUNT GLOBAL, and WENDY McMAHON<br><br>Defendants. | Case No.: 2:24-cv-05570-HDV-RAO<br><br>**DECLARATION OF LAURIE ORLANDO IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** |

I, Laurie Orlando, pursuant to 28 U.S.C. § 1746, hereby declare as follows:

1. I am over 18 years of age, of sound mind, and otherwise competent to make this Declaration. I make this declaration in support of Defendants CBS Broadcasting Inc. ("CBS"), Paramount Global, and Wendy McMahon's (collectively, "Defendants") Motion for Summary Judgment. This declaration is intended to supplement my deposition testimony from October 2, 2025. That is, for the avoidance of doubt, I am not changing any of the testimony that I provided in response to the questions posed by Plaintiff's counsel but rather am providing additional information in support of the motion. I make this Declaration based on my personal knowledge or my familiarity with the business practices of KCBS-TV and KCAL-TV ("KCBS/KCAL" or the "Station"), the local CBS news stations in Los Angeles. If called and sworn as a witness, I could and would testify competently thereto.

2. From November 2021 through the present, I have served as the Senior Vice President of Talent Strategy and Development for CBS News and Stations. My job responsibilities include identifying strong anchors and reporters in the national market and recruiting them to work for CBS's owned and operated stations, including KCBS/KCAL.

3. My job responsibilities also include involvement in and approving decisions relating to the hiring, retention, and termination of certain on-air talent, including news anchors at KCBS/KCAL.

4. Neither Mr. Vaughn's race nor any other protected trait played any part in my decision that the Station should not renew his contract and/or terminate him from his position at KCBS/KCAL.

5. Neither Mike Marza's race nor any other protected trait played any part in my decision that the Station should offer him the role of evening news anchor.

6. Neither Alex Maragos's race nor any other protected trait played any

1  part in my decision that the Station should offer him the role of evening news
2  anchor.
3      7.    At the time that KCBS/KCAL was considering hiring Chauncy Glover
4  for the evening news anchor position in the summer of 2023, I understood that Mr.
5  Glover had a competitive offer to stay with his current station.
6      8.    Neither Mr. Glover's race nor any other protected trait played any part
7  in my decision that the Station should hire him.
8      9.    Other than the candidate interview slate policy, I am not aware of any
9  so-called Diversity, Equity, and/or Inclusion policy (let alone any numerical quota,
10 mandate, target, guideline, goal, or the like) ("so-called DE&I Policies") that
11 applied to KCBS/KCAL's hiring, retention, or promotion of on-air talent. While
12 the candidate interview slate policy technically should have applied to the hiring of
13 the person who would replace Mr. Vaughn on some of his assigned news
14 broadcasts, the policy had no impact on who we considered or interviewed for the
15 position, much less hired.

17     I declare under penalty of perjury under the laws of the State of California
18 that the foregoing is true and correct. Executed on October __, 2025 in
19 FAIRFIELD, CT.

_____
Laurie Orlando