1  MOLLY M. LENS (S.B. #283867)
   mlens@omm.com
2  SAM H.S. DONOHUE (S.B. #329526)
   sdonohue@omm.com
3  PAOLA MÉNDEZ (S.B. #353372)
   pmendez@omm.com
4  O'MELVENY & MYERS LLP
   1999 Avenue of the Stars, 8th Floor
5  Los Angeles, California  90067-6035
   Telephone:  +1 310 553 6700
6  Facsimile:   +1 310 246 6779

7  NATASHA W. TELEANU (*pro hac vice*)
   nteleanu@omm.com
8  O'MELVENY & MYERS LLP
   1301 Avenue of the Americas, 17th Floor
9  New York, New York 10019
   Telephone:  +1 212 326 2000
10 Facsimile:   +1 212 326 2061

11 *Attorneys for Defendants CBS Broadcasting Inc., Paramount Global, and Wendy McMahon*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFF VAUGHN,<br><br>       Plaintiff,<br><br>   v.<br><br>CBS BROADCASTING INC., PARAMOUNT GLOBAL, and Wendy McMahon<br><br>       Defendants. | Case No.: 2:24-cv-05570-HDV-RAO<br><br>**DECLARATION OF JENNIFER MITCHELL IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** |

I, Jennifer Mitchell, pursuant to 28 U.S.C. § 1746, hereby declare as follows:

1. I am over 18 years of age, of sound mind, and otherwise competent to make this Declaration. I make this declaration in support of Defendants CBS Broadcasting Inc. ("CBS"), Paramount Global, and Wendy McMahon's (collectively, "Defendants") Motion for Summary Judgment. This declaration is intended to supplement my deposition testimony from October 6, 2025. That is, for the avoidance of doubt, I am not changing any of the testimony that I provided in response to the questions posed by Plaintiff's counsel but rather am providing additional information in support of the motion. I make this Declaration based on my personal knowledge or my familiarity with the business practices of KCBS-TV and KCAL-TV ("KCBS/KCAL" or the "Station"), the local CBS news stations in Los Angeles. If called and sworn as a witness, I could and would testify competently thereto.

2. From September 2021 to September 2024, I was the President of CBS Stations for the West Coast. I am currently President of CBS News Stations and Digital. At all times, my job responsibilities have included overseeing and approving decisions relating to the hiring, retention, and termination of key on-air talent, including news anchors at KCBS/KCAL.

3. Neither Mr. Vaughn's race nor any other protected trait played any part in my decision that the Station should not renew his contract and/or terminate him from his position at KCBS/KCAL.

4. At the time that KCBS/KCAL was considering hiring Mike Marza as an evening news anchor in 2022, I understood him to be a white man.

5. Neither Mr. Marza's race nor any other protected trait played any part in my decision that the Station should offer him the role of evening news anchor.

6. At the time that KCBS/KCAL was considering hiring Alex Maragos as an evening news anchor in 2023, I understood him to be a white man.

7. Neither Mr. Maragos's race nor any other protected trait played any

part in my decision that the Station should offer him the role of evening news anchor.

8. At the time that KCBS/KCAL hired Chauncy Glover as an evening news anchor in August of 2023, I understood him to be a Black man.

9. Neither Mr. Glover's race nor any other protected trait played any part in my decision that the Station should hire him.

10. Based on my experience in the local television news industry, it is my understanding that the Houston, Texas designated market area has been among the top-ten largest television markets in the country for each of the past 10 years.

11. It is my practice in the typical course of my work for CBS to take notes in my MacBook's Notes application. I understand that three documents containing such notes have been produced by CBS in this action, bearing Bates Nos. CBS-VAUGHN-0002079, CBS-VAUGHN-0017347, and CBS-VAUGHN-0017600, though the collection and/or production process appears to have removed the formatting (*i.e.* bullet points and line breaks).

12. Specifically, the document bearing Bates No. CBS-VAUGHN-0002079, which was marked for identification as Exhibit 92 during my deposition, contains notes I took during a meeting with Laurie Orlando, which I have now confirmed took place on or around May 20, 2022.

13. The document bearing Bates No. CBS-VAUGHN-0017347 contains notes I took during a one-on-one meeting with Joel Vilmenay on or around April 8, 2022.

14. The document bearing Bates No. CBS-VAUGHN-0017600 contains notes I took while watching a newscast on KCBS on September 9, 2021.

1  I declare under penalty of perjury under the laws of the State of California
2  that the foregoing is true and correct. Executed on October 8, 2025 in
3  PacificPalisades, CA.

_____
Jennifer Mitchell