1  MOLLY M. LENS (S.B. #283867)
   mlens@omm.com
2  SAM H.S. DONOHUE (S.B. #329526)
   sdonohue@omm.com
3  PAOLA MENDEZ (S.B. #353372)
   pmendez@omm.com
4  O'MELVENY & MYERS LLP
   1999 Avenue of the Stars, 8th Floor
5  Los Angeles, California 90067-6035
   Telephone: +1 310 553 6700
6  Facsimile:  +1 310 246 6779

7  NATASHA W. TELEANU (*pro hac vice*)
   nteleanu@omm.com
8  O'MELVENY & MYERS LLP
   1301 Avenue of the Americas, 17th Floor
9  New York, New York 10019
   Telephone: +1 212 326 2000
10 Facsimile:  +1 212 326 2061

11 *Attorneys for Defendants CBS Broadcasting Inc.,*
   *Paramount Global, and Wendy McMahon*

12

13        **UNITED STATES DISTRICT COURT**
          **CENTRAL DISTRICT OF CALIFORNIA**

14

15 | JEFF VAUGHN,                          | Case No.: 2:24-cv-05570-HDV-RAO |
16 |                                       |                                 |
   |              Plaintiff,               |                                 |
17 |                                       | **DECLARATION OF WENDY**        |
   |       v.                              | **McMAHON IN SUPPORT OF**       |
18 |                                       | **DEFENDANTS' MOTION FOR**      |
   | CBS BROADCASTING INC.,                | **SUMMARY JUDGMENT**            |
19 | PARAMOUNT GLOBAL, and                 |                                 |
20 | WENDY McMAHON                         |                                 |
21 |                                       |                                 |
   |              Defendants.              |                                 |
22

23

24

25

26

27

28

                                    MCMAHON DECL. ISO DEFENDANTS' MSJ

I, Wendy McMahon, pursuant to 28 U.S.C. § 1746, hereby declare as follows:

1.      I am over 18 years of age, of sound mind, and otherwise competent to make this Declaration.  I make this declaration in support of Defendants CBS Broadcasting Inc. ("CBS"), Paramount Global, and Wendy McMahon's (collectively, "Defendants") Motion for Summary Judgment.  This declaration is intended to supplement my deposition testimony from September 24, 2025.  That is, for the avoidance of doubt, I am not changing any of the testimony that I provided in response to the questions posed by Plaintiff's counsel but rather am providing additional information in support of this motion.  I submit this Declaration based on my personal knowledge or my familiarity with the business practices of KCBS-TV and KCAL-TV ("KCBS/KCAL" or the "Station"), the local news stations owned and operated by CBS in Los Angeles.  If called and sworn as a witness, I could and would testify competently thereto.

2.      I joined Paramount Global (then known as ViacomCBS Inc.) in April 2021 as President and Co-Head of CBS News and Stations.  In April 2023, I became the President and CEO of CBS News and Stations and CBS Media Ventures, and held that role until I departed the company in July 2025.  At all times, my job responsibilities included overseeing and approving decisions relating to the hiring, retention, and termination of key on-air talent, including news anchors at KCBS/KCAL.

3.      Neither Jeff Vaughn's race nor any other protected trait played any part in my decision that the Station should not renew his contract and/or terminate him from his position at KCBS/KCAL.

4.      At the time that KCBS/KCAL was considering hiring Mike Marza as an evening news anchor in 2022, I understood him to be a white man.

5.      Neither Mr. Marza's race nor any other protected trait played any part in my decision that the Station should offer him the role of evening news anchor.

6.      At the time that KCBS/KCAL was considering hiring Alex Maragos as an evening news anchor in 2023, I understood him to be a white man.

7.      Neither  Mr. Maragos's race nor any other protected trait played any part in my decision that the Station should offer him the role of evening news anchor.

8.      Neither Chauncy Glover's race nor any other protected trait played any part in my decision to hire him.

9.      Other than the candidate interview slate policy, there was no so-called Diversity, Equity, and/or Inclusion policy (let alone any numerical quota, mandate, target, guideline, goal, or the like) ("so-called DE&I Policies") that applied to KCBS/KCAL's hiring, retention, or promotion of on-air talent.  While the candidate interview slate policy technically should have applied to the hiring of the person who would replace Mr. Vaughn on some of his assigned news broadcasts, the policy had no impact on who we considered or interviewed, much less hired.  In fact, I understand that considering an individual's protected characteristics in making any decisions about hiring, retention, or promotion was not permitted.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.  Executed on October 8, 2025 in New York, NY.

_____
Wendy McMahon